# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON MONROE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:14CV1461 JAR |
| HERBERT L. BERNSEN, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Louis County Justice Center, has filed his petition on the grounds that: (1) he believes that his arrest should be overturned because it was in violation of the 4th Amendment of the Constitution; (2) he believes he has been subjected to "violations of the 6th Amendment and right to speedy trial due to the prosecutor's delays" relating to discovery; and (3) his trial judge has denied him "due process rights." Plaintiff also asserts that he has been subjected to "cruel and unusual punishment" when he was denied treatment for a painful tooth. The petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue

or where a specific speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Blanck, 48 F. Supp. 2d at 860 (double jeopardy).

Plaintiff's "due process" claims, and his unlawful search and seizure claims brought pursuant to the 4th Amendment, can be raised during his ongoing criminal proceedings and are not cognizable under § 2241. Additionally, plaintiff's conclusory claims of "violations of his speedy trial rights under the 6th Amendment" do not constitute the "special circumstances" required for a finding that he has exhausted his state remedies with respect to his speedy trial rights. See Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984).[1]

Additionally, plaintiff's assertions that he was denied his right to speedy trial due to the prosecutor's discovery tactics are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of an actual right to a speedy trial, whether under federal or state law. In fact, the Court has reviewed plaintiff's state docket sheet in his ongoing criminal matter, and there is no indication he has invoked his "speedy trial rights" under Missouri State law

---

[1] To the extent petitioner is asserting a denial of his rights under the Sixth Amendment of the United States Constitution, he has to have exhausted his state remedies prior to pursuing his claims in this Court unless "special circumstances" existed to divest him of this burden. See, e.g., Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D. Wis. 1999) (" '[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions' "), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis.1999); Tran v. Bartow, 210 Fed.Appx. 538, 540 (7th Cir.2006) (unpublished opinion) ("[o]nly in 'special circumstances' will relief under § 2241 be available to a state prisoner before trial ... and even then only if the prisoner has exhausted available remedies in the state courts"); Powell v. Saddler, No. 12 C 2928 (N.D.Ill.2012), 2012 WL 3880198 at *3 ("to properly pursue a claim under § 2241 a [pretrial detainee] petitioner must have exhausted his state court remedies"). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

or attempted to seek mandamus in Missouri State Courts regarding his right to speedy trial.[2] See, e.g., Missouri Case.Net, https://www.courts.mo.gov/casenet.

Plaintiff's claims of "cruel and unusual punishment," or deliberate indifference to his medical needs in violation of the Eighth Amendment are not cognizable under 28 U.S.C. § 2241. In order to bring such claims before this Court he would need to file a separate lawsuit pursuant to 42 U.S.C. § 1983.

In light of the aforementioned, the Court will deny the petition for relief under 28 U.S.C. § 2241.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions to proceed in forma pauperis [Doc. #4 and #5] are **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

---

[2] The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus. Of course, the Missouri Speedy Trial Act must be distinguished from the Uniform Detainer Law, Mo.Rev.Stat. § 217.460, which permits incarcerated persons to demand a trial on a pending charge and require dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed. Petitioner has not mentioned the Detainer Law in his brief and the Court will not address it here.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 11th day of September, 2014.

                                                                                           _____
                                                                                           JOHN A. ROSS
                                                                                           UNITED STATES DISTRICT JUDGE